UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES STRAIN,<br><br>        Plaintiff,<br><br>  v.<br><br>D. ADAMS, et.al.,<br><br>        Defendants. | 1: 05 CV 0647 OWW DLB P<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's complaint filed May 15, 2005. This proceeding was referred to this Court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Plaintiff names D. Adams, Warden at California Substance Abuse Treatment Facility("CSATF") at Corcoran, S. Sherman, the Associate Warden and Appeals Coordinators C. Cooper, R. Hall, L. Smart and Smith as defendants in this action.  Plaintiff alleges that he was denied access to the court system when defendants screened out and failed to process his inmate complaint and appeal and failed to investigate his claims of misconduct by correctional staff.  Plaintiff contends that he wrote to Warden Adams seeking his intervention, but Warden Adams failed to intervene. Based on the exhibits attached to plaintiff's complaint, it appears that plaintiff received a disciplinary rules violation for failing to follow orders while walking from the morning meal.  The staff misconduct plaintiff complains of appears to be alleged violations of his due process rights in connection with the rules violation hearing.

As submitted, plaintiff's complaint fails to state a cognizable claim for relief for denial of access to the court system.  Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354. An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury.  Id.  Plaintiff has alleged no facts that demonstrate that he has suffered an actual injury or that he has been denied access to the courts at all as evidenced by the filing of the current action.

Further, "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10;

Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  Buckley, 997 F.2d at 495.

Defendants' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that defendants violated his rights under federal law.  Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983.  The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint if he chooses to do so.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

To the extent plaintiff seeks to state a claim that his due process rights were violated at his disciplinary hearing, he is advised that where, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected).  Therefore, if the punishment imposed at plaintiff's disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred unless and until such time as plaintiff invalidates the result of the disciplinary hearing.

In addition, if plaintiff chooses to file an amended complaint, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.

Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

     In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;
2. The Clerk's Office shall send plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

    **Dated:**   **March 3, 2006**                  **/s/ Dennis L. Beck**
3b142a                                                      UNITED STATES MAGISTRATE JUDGE